Affirmed and Opinion filed _____________, 2003
















Affirmed and Memorandum
Opinion filed October 14, 2003.

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00748-CR

____________

 

ALI SHAHBAZ AHMED,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the County
 Criminal Court at Law
Number Nine

Harris
 County, Texas

Trial Court Cause
No. 1101527




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant Ali Shahbaz Ahmed appeals
from his misdemeanor conviction for burglary of a motor vehicle and the trial
court’s order denying his motion for new trial. 
He was convicted by a jury on June 28, 2002, and the trial court
assessed punishment at 150-days’ imprisonment. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion. See Tex. R. App. P. 47.1.  We affirm.

            In his first issue, appellant argues
the trial court erred in charging the jury as to the law of parties, because it
was not raised by the evidence.  See Tex.
Pen. Code § 7.02(a)(2).  Of course, when an appellant alleges jury
charge error, we generally must determine whether there is any error in the
charge. Hutch v. State, 922 S.W.2d
166, 170 (Tex. Crim. App.
1996).  If we conclude there is jury
charge error, we must determine if the error caused sufficient harm to warrant
reversal.  Id. at 170-71.  An instruction on the law of parties may be
given to the jury whenever there is sufficient evidence to support a jury
verdict that the defendant is criminally responsible under the law of parties.  Ladd v.
State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999), cert. denied, 529 U.S.
1070 (2000).  However, “[w]here [as in
the instant case] the evidence clearly supports a defendant’s guilt as a
principal actor, any error of the trial court in charging on the law of parties
is harmless.”  Id. at 564-65.

            In the present case, even if the
trial court erred in instructing the jury on the law of parties, we find the
error was harmless.  The elements for the
offense of burglary of a vehicle are satisfied if it is proved that a person:
(1) broke into or entered a vehicle, (2) without the consent of the owner, and
(3) with the intent to commit any felony or theft. See Tex. Pen. Code § 30.04.  We find there was both factually and legally
sufficient evidence to convict appellant as a principal.

In the present case, Arz Mohar, the driver of the FedEx truck, testified he saw
appellant enter his delivery truck three times while he was making a delivery
upstairs.  According to Mohar, appellant entered the truck’s cargo compartment
through the passenger-side door, and each time exited about thirty seconds
later.  When Mohar
came out of the building, appellant ran away, and when Mohar
caught him, appellant confessed and asked for forgiveness in Urdu (both Mohar and appellant are from Pakistan).  Two computers were missing from the truck.  Witnesses Denise Martinez and Jenny Hong testified
they saw appellant and Khang Tran (appellant’s
alleged accomplice) acting furtively before the incident, and saw two boxed
computers in a partially hidden location where Tran and appellant had been hiding
and had left their backpacks. 

Appellant explained his strange behavior by testifying he and
Tran were involved in a biology project studying bees, and that he does not
speak Urdu.  Appellant’s biology
professor denied assigning any project to their class regarding bees.  Accordingly, we find the evidence was both legally
and factually sufficient to support appellant’s guilt, and his first issue is
overruled.

            In his second issue, appellant
contends the trial court abused its discretion in denying his motion for new
trial because a prosecutor’s alleged threat prevented Tran from testifying at
trial.  A trial court’s denial of a
motion for new trial is reviewed under an abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001), cert.
denied, 534 U.S. 855 (2001).  This
Court cannot substitute its judgment for that of the trial court, but must
simply determine whether the trial court’s ruling was arbitrary or
unreasonable.  Id.  The trial court is in the best position to
weigh the credibility of the testifying witnesses. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 
Therefore, when conflicting evidence is presented concerning an issue of
fact, the trial judge determines the issue and there is no abuse of discretion
in overruling a motion for new trial. See
Thomas v. State, 699 S.W.2d 845, 854 (Tex. Crim. App. 1985).  In
the present case, Eleanor Daigre was the only
prosecutor to speak to Tran.  She
testified she called Tran for investigative purposes upon notification by
appellant’s attorney that Tran was an alibi witness.  She denied saying anything to discourage him
from testifying.  Because the testimony
as to what occurred was conflicting, we defer to the trial judge’s
determination of the credibility of these witnesses, and find no abuse of
discretion.  Appellant’s second issue is
overruled.

            The judgment of the trial court is
affirmed.

 

 

                                                                                    

                                                            /s/                    Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Memorandum Opinion
filed October 14, 2003.

Panel consists of Chief Justice Brister and
Justices Anderson and Seymore.

Do Not Publish –– Tex. R. App. P.
47.2(b).